UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LHF Productions, Inc., | 2:16-cv-01804-JAD-NJK |
| Plaintiff | Order Granting Default Judgment |
| v. | [ECF No. 43] |
| Philina Buenafe, | |
| Defendant | |

This is one of several essentially identical cases filed by plaintiff LHF Productions, Inc., in which LHF sues many unidentified Doe defendants—under a single filing fee—for infringing its copyright in the film "London Has Fallen" by using BitTorrent software. LHF's practice in these cases is to move for expedited discovery to identify the defendants, and then systematically dismiss the defendants after failing to serve them, or settling with them.[1] LHF brought this particular case against 18 initially unidentified defendants.[2] After learning their identities, LHF amended its complaint against 14 named defendants, and then LHF proceeded to dismiss them from the case.[3] Only one defendant remains: Philina Buenafe. LHF now moves for default judgment against Buenafe, and because she has been completely absent from this action, I grant the motion.

## Background

After identifying Buenafe, LHF sent a demand letter informing her of this

---

[1] *See LHF Productions, Inc. v. Smith*, 2:16-cv-01803-JAD-NJK; *LHF Productions, Inc. v. Kabala*, 2:16-cv-02028-JAD-NJK; *LHF Productions, Inc. v. Boughton*, 2:16-cv-01918-JAD-NJK; *LHF Productions, Inc. v. Wilson*, 2:16-cv-02368-JAD-NJK.

[2] ECF No. 1.

[3] *See generally* docket report case 2:16-cv-01804-JAD-NJK.

case and her potential liability.[4] Buenafe did not respond, so LHF sent her a second demand letter approximately three weeks later.[5] LHF filed its first-amended complaint three weeks after that and sent Buenafe a third demand letter and served her with process.[6] Despite adequate service of process, Buenafe did not respond to the first-amended complaint or demand letter.[7] The Clerk of Court entered default against Buenafe on May 8, 2017.[8] LHF now moves for default judgment, requesting $15,000 in statutory damages, $6,480 in attorney's fees and costs, and a permanent injunction to prohibit Buenafe from further infringing its copyright.[9]

## Discussion

### A. Default-judgment standard

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on a defendant's failure to defend. After entry of default, the complaint's factual allegations are taken as true, except those relating to damages.[10] "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by

---

[4] ECF No. 43 at 4.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] ECF No. 34.

[9] ECF No. 43.

[10] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

2

default."[11] The court has the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate.[12] Whether to grant a motion for default judgment lies within my discretion,[13] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[14]

A default judgment is generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."[15]

B.  Evaluating the *Eitel* factors

  1.  *Possibility of prejudice to LHF*

The first *Eitel* factor weighs in favor of granting default judgment against Buenafe. LHF sent Buenafe numerous demand letters and a summons along with the first-amended complaint, but Buenafe never responded. LHF claims that Buenafe infringed its copyright by downloading its film using BitTorrent software. Given the nature of BitTorrent software, Buenafe may be exacerbating LHF's injury by seeding the file to the BitTorrent swarm.

  2.  *Substantive merits and sufficiency of the claims*

The second and third *Eitel* factors require LHF to demonstrate that it has

---

[11] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[12] *See* Fed. R. Civ. P. 55(b)(2).

[13] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[14] *Eitel*, 782 F.2d at 1471–72.

[15] *Id.* at 1472.

3

stated a claim on which it may recover.[16] The first-amended complaint sufficiently pleads LHF's direct-copyright-infringement, contributory-copyright-infringement, and vicarious-liability claims.

To present a prima facie case of direct infringement, LHF must show that: (1) it owns the allegedly infringed material, and (2) the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.[17] LHF alleges that it is the owner of the copyright registration for the film "London Has Fallen."[18] LHF also alleges that Buenafe willfully violated several exclusive rights granted by 17 U.S.C. § 106 and that those violations caused it to suffer damages.[19]

The contributory-copyright-infringement claim requires LHF to allege that Buenafe "had knowledge of the infringing activity" and "induce[d], cause[d,] or materially contribute[d] to the infringing conduct of another."[20] "Put differently, liability exists if the defendant engages in personal conduct that encourages or assists the infringement."[21] Given the nature of BitTorrent technology, BitTorrent-swarm participants who download files compulsorily upload those same files so that other participants may download them at a faster rate. Accordingly, LHF's allegation that each defendant is a contributory copyright infringer *because* they

---

[16] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[17] *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

[18] ECF No. 8 at 11, ¶ 46; *see also* ECF No. 8-2.

[19] ECF No. 8 at 11–12.

[20] *A&M Records*, 239 F.3d at 1019 (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt.*, 443 F.2d 1159, 1162 (2d Cir. 1971) and citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996)).

[21] *Id.* (quoting *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998)).

participated in a BitTorrent swarm[22] is sufficient to satisfy the induced-caused-or-contributed requirement. LHF satisfies the remaining requirements by alleging that each defendant knew or should have known that other BitTorrent-swarm participants were directly infringing on LHF's copyright by downloading the files that they each uploaded.[23]

LHF also claims that each defendant, as the account holder for the Internet service, is vicariously liable for any infringing activity conducted by other users on its Internet connection.[24] "Vicarious infringement is a concept related to, but distinct from, contributory infringement."[25] "To state a claim for vicarious copyright infringement, [LHF] must allege that [Buenafe] had (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity."[26]

LHF's allegations satisfy the first prong of the vicarious-infringement test. As the court discussed in *Dallas Buyers Club, LLC v. Doughty*, "the Internet service account holder, appea[rs] to have had exclusive control over use of the Internet service" and the account holder "could have simply secured access to the Internet by creating a password or by changing an already existing password."[27] "Thus, . . . [the account holder] had the capacity to terminate use of [her] Internet service by any infringing third party if [s]he believed it was being used to violate applicable law."[28]

---

[22] ECF No. 8 at 13, ¶ 56.

[23] *Id.* at 13, ¶¶ 58–61.

[24] *Id.* at 14.

[25] *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

[26] *Id.*

[27] *Dallas Buyers Club, LLC v. Doughty*, 2016 WL 1690090 (D. Or. Apr. 27, 2016).

[28] *Id.* (citing *A&M Records*, 239 F.3d 1004).

5

LHF also satisfies the direct-financial-interest prong. "The essential aspect of the direct financial benefit inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of how substantial the benefit is in proportion to a defendant's overall profits."[29] "Financial benefit exists where the availability of infringing material acts as a 'draw' for customers."[30] "The size of the 'draw' relative to a defendant's overall business is immaterial. A defendant receives a 'direct financial benefit' from a third-party infringement so long as the infringement of third parties acts as a 'draw' for customers 'regardless of *how substantial* the benefit is in proportion to a defendant's overall profits.'"[31] LHF alleges that Buenafe benefitted from third-party infringement by viewing "London Has Fallen" without paying for it.[32] The law is clear that it doesn't matter how large the financial benefit is: by watching the BitTorrent-downloaded film, Buenafe saved the cost of a movie ticket, and that is a direct financial benefit.

I therefore find that LHF sufficiently pled each of its claims in the first-amended complaint. I also find that LHF's claims have substantive merit, subject to any defenses that Buenafe could raise.

### 3. Sum of money at stake

The sum-of-money factor requires me to consider "the amount of money at

---

[29] *Perfect 10, Inc. v. Giganews, Inc.*, 2014 WL 8628031, at *3 (C.D. Cal. Nov. 14, 2014) (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)).

[30] *A&M Records*, 239 F.3d at 1023.

[31] *Perfect 10*, 2014 WL 8628031, at *3 (quoting *Ellison*, 357 F.3d at 1079).

[32] ECF No. 8 at 14, ¶ 68.

stake in relation to the seriousness of [Buenafe]'s conduct."[33] "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."[34] LHF asks for statutory damages and attorney's fees and costs.

For statutory damages, LHF requests $15,000 under 17 U.S.C. § 504(c).[35] The statute sets a $750 minimum and a $30,000 maximum award of damages for copyright infringement,[36] and that maximum can be increased up to $150,000 where the infringement was willful.[37] I have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."[38]

Given Buenafe's numerous opportunities to respond to LHF's demand letters, first-amended complaint, and this motion, coupled with LHF's unopposed allegations that I take as true, the factual showing before me indicates that Buenafe is a willful copyright infringer. But I do not find that $15,000 is necessary to compensate LHF for its injury and to deter Buenafe and other BitTorrent users. Although I acknowledge that other courts—even in LHF's other cases in another district—awarded $15,000 for the same offense, I am not persuaded by their actions. After considering the lost-profits movie ticket sales, the cost of identifying infringers and pursuing litigation, and the boundaries provided by § 504(c), I

---

[33] *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)).

[34] *Twentieth Century Fox*, 438 F. Supp. 2d at 1071.

[35] ECF No. 41 at 8.

[36] 17 U.S.C. § 504(c)(1) (2012).

[37] 17 U.S.C. § 504(c)(2) (2012).

[38] *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *Harris v. Emus Records Corp.*, 738 F.2d 1329, 1335 (9th Cir. 1984)).

7

determine that $1,500 is the appropriate damage award. This amount—187.5 times as much as the average $8.00 per movie ticket suggested by LHF[39]—adequately accomplishes the goals of § 504(c) to protect copyrighted works and deter infringement. This amount is also not excessive because it is only 1% of the statutory maximum for willful infringement.

The Copyright Act also allows courts to award the recovery of full costs and reasonable attorney's fees to the prevailing party as part of those costs.[40] LHF, in applying the lodestar method,[41] moves for $6,000 in attorney's fees,[42] and $480 in costs, for a total of $6,480. The total sum of money at stake, then, is $7,980, and I find that this factor weighs in favor of default judgment.

### 4. Possibility of a dispute concerning material facts

Next I consider the possibility that material facts are disputed. LHF adequately alleged three copyright-infringement claims against Buenafe. Buenafe failed to appear or otherwise respond, so she admitted as true all of the material facts alleged in LHF's complaint. Because those facts are presumed true and Buenafe failed to oppose this motion, no factual disputes exist that would preclude the entry of default judgment against her.

### 5. Excusable neglect

Under this factor, I consider whether Buenafe's default may have resulted from excusable neglect. LHF sent Buenafe two demand letters roughly six and three weeks prior to filing its first-amended complaint. Buenafe did not respond to

---

[39] See case 2:16-cv-02028-JAD-NJK, ECF No. 66 at 9 n.3 and accompanying text (LHF's objection to report and recommendation, incorporated by reference in this case at ECF No. 41).

[40] 17 U.S.C. § 505 (2012).

[41] See Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008).

[42] This number is based on a rate of $375.00 per hour for 16 hours.

either of them. Then LHF filed its first-amended complaint on November 10, 2016, and sent Buenafe a third demand letter. She did not respond to that letter either. LHF served Buenafe with process on February 6, 2017, and Buenafe failed to appear or file an answer to the first amended complaint. Five and a half months later, LHF moved for default judgment, and Buenafe, once again, did not respond. Buenafe has demonstrated a habit of ignoring LHF, so I can only conclude that her default was not the product of excusable neglect. This factor thus weighs in favor of entering default judgment.

### 6. *Favoring decisions on the merits*

"Generally, default judgments are disfavored because cases should be decided upon their merits whenever reasonably possible."[43] Because Buenafe has failed to respond to anything at all in this action, it is not possible to decide this case on its merits, so this factor, too, weighs in favor of default judgment. As every factor weighs in favor of entering default judgment, I grant LHF's motion as it pertains to Buenafe.

## C. Permanent injunction

As its final claim for relief, LHF asks for a permanent injunction enjoining Buenafe from "directly or indirectly infringing [its] rights" over its film "including[,] without limitation[,] using the Internet to reproduce, to distribute, to copy, or to publish the motion picture."[44] The Copyright Act allows me to "grant temporary and final injunctions on such terms as [I] may deem reasonable to prevent or restrain infringement of a copyright."[45] The Supreme Court held in *eBay Inc. v. MercExchange, L.L.C.* that a plaintiff must satisfy a four-factor test to receive a

---

[43] *Twentieth Century Fox*, 438 F. Supp. 2d at 1072 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

[44] ECF No. 43 at 12.

[45] 17 U.S.C. § 502(a) (2012).

permanent injunction in a patent-infringement case.[46] LHF must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[47] This test also applies to copyright-infringement cases.[48]

LHF argues that "[m]onetary damages alone are simply inadequate" because "absent injunctive relief to force the deletion of each torrent file from the Defendants' computers . . . infringement will continue unabated in exponential fashion."[49] I only consider whether monetary damages are sufficient to deter Buenafe's infringing activity. I conclude that a monetary judgment of $7,980 is sufficient to compensate LHF for any infringement injury and likely to sufficiently deter Buenafe from infringing LHF's copyright, so LHF fails to satisfy the second factor of the permanent-injunction test, and I deny its request for injunctive relief.

D.  Objection to report and recommendation

LHF objected in this case to a report and recommendation,[50] but there is no report and recommendation pending. A report and recommendation was issued in four of LHF's other cases, so it's easy to see what caused the confusion. In this case, however, Magistrate Judge Koppe ordered LHF to show cause why the court should not (1) sever all defendants except the first defendant, (2) dismiss the remaining

---

[46] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

[47] *Id.*

[48] *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995–96 (9th Cir. 2011).

[49] ECF No. 43 at 11.

[50] ECF No. 41.

10

defendants without prejudice, and (3) quash any subpoenas for discovery to the extent they pertain to any defendants other than the first named defendant. After that order was issued, LHF dismissed all claims against the remaining defendants except Buenafe, so Magistrate Judge Koppe discharged her order to show cause and never issued a report and recommendation.[51] Nevertheless, LHF's objection still sits on the docket, and I overrule it as moot.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that LHF's motion for default judgment [ECF No. 43] is GRANTED. I award LHF $1,500 in statutory damages and $6,480 in reasonable attorney's fees and costs for a total of $7,980. I decline to issue a permanent injunction against Buenafe.

IT IS FURTHER ORDERED that LHF's objection to Magistrate Judge Koppe's report and recommendation [ECF No. 41] is OVERRULED as moot.

The Clerk of Court is directed to ENTER JUDGMENT in favor of LHF Productions, Inc. and against Philina Buenafe in the total amount of $7,980 and CLOSE THIS CASE.

DATED: October 24, 2017.

Jennifer A. Dorsey
United States District Judge

---

[51] ECF No. 40.